UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TERAYON COMMUNICATION SYSTEMS, INC. SECURITIES LITIGATION | Master File No. C-00-1967-MHP<br><br>**CLASS ACTION**<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br>AS AMENDED BY COURT @ pp 3-4 |
| This Document Relates To:<br><br>ALL ACTIONS. | |

1    WHEREAS, a consolidated class action is pending before the Court entitled *In re Terayon Communication Systems, Inc. Securities Litigation*, Master File No. C-00-1967-MHP (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of March 17, 2006 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on September 25, 2006, at 2:00 p.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.13 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Co-Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-00-1967-MHP                                        - 1 -

mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of RG/2 Claims Administration LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than August 1, 2006 (the "Notice Date"), Co-Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than August 2, 2006, Co-Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who purchased or otherwise acquired publicly traded common stock or purchased call options or sold put options of Terayon between November 15, 1999 and April 11, 2000, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Terayon securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Co-Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

8. The Court previously certified the Class, set forth at paragraph 1.4 of the Stipulation. Pursuant to an order of the Court dated April 4, 2003, a Notice of Pendency of Class Action was sent to Class Members on April 13, 2003 advising them of their right to request exclusion from the Class. The Court finds that the Notice of Pendency of Class Action complied fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and thus, it is not necessary to afford Class Members another opportunity to request exclusion from the Class pursuant to Rule 23(e)(3).

9. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

10. Any Member of the Class may appear and show cause, if he, she or it has any reason, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Co-Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Co-Lead Counsel, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before September 8, 2006, by: ~~Lerach Coughlin Stoia~~

1  ~~Geller Rudman & Robbins LLP, Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego,~~
2  ~~California 92101; Bernstein Liebhard & Lifshitz, LLP, Timothy J. MacFall, 10 East 40th Street,~~
3  ~~New York, New York 10016; and Quinn Emanuel Urquhart Oliver & Hedges, LLP, Duane R.~~
4  ~~Lyons, 865 S. Figueroa Street, 10th Floor, Los Angeles, California 90017, and~~ filing ~~filed~~ said objections,
5  papers and briefs with the Clerk of the United States District Court for the Northern District of
6  California, on or before September 8, 2006. Any Member of the Class who does not make his, her
7  or its objection in the manner provided shall be deemed to have waived such objection and shall
8  forever be foreclosed from making any objection to the fairness or adequacy of the proposed
9  settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees
10 and expenses to Co-Lead Counsel, unless otherwise ordered by the Court.

11.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12.  All papers in support of the settlement, the Plan of Allocation, and the application by Co-Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

13.  Neither Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

14.  At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

15.  All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

17. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: July 24, 2006

THE HONORABLE
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Marilyn H. Patel*

Submitted by:

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL

JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
JEFFREY W. LAWRENCE
CHRISTOPHER P. SEEFER
ELI R. GREENSTEIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE - C-00-1967-MHP - 5 -


BERNSTEIN LIEBHARD & LIFSHITZ, LLP
SANDY A. LIEBHARD
KEITH M. FLEISCHMAN
JEFFREY M. HABER
TIMOTHY J. MacFALL
10 East 40th Street
New York, NY 10016
Telephone: 212/779-1414
212/779-3218 (fax)

Co-Lead Counsel for Plaintiffs

S:\Settlement\Terayon.set\EA 00030660.doc

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

s/ JOY ANN BULL
JOY ANN BULL

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: Joyb@lerachlaw.com

# Mailing Information for a Case 3:00-cv-01967-MHP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Martin D. Chitwood**
  mdc@classlaw.com las@classlaw.com;tft@classlaw.com

- **Thad Alan Davis**
  thaddavis@quinnemanuel.com

- **Amber L. Eck**
  e_file_sd@lerachlaw.com

- **Eli Greenstein**
  Elig@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Charles J. Landy**
  charles.landy@pillsburylaw.com

- **Jeffrey W. Lawrence**
  jeffreyl@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Robert C. Schubert**
  rschubert@schubert-reed.com

- **Christopher Paul Seefer**
  chriss@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;KiyokoF@lerachlaw.com

- **Jennie L. Wang**
  jenniewang@quinnemanuel.com amberburns@quinnemanuel.com

- **Douglas R. Young**
  cfisher@fbm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mark W. Bayer
Gardere Wynne Sewell LLP
300 Thanksgiving Tower
Dallas, TX 75201
```

**Brian A. Eddington**
Law Offices of Brian A. Eddington
8941 Jefferson Highway
Ste. 200
Baton Rouge, LA 90809

**Sandy A. Liebhard**
Bernstein Liebhard & Lifshitz
10 East 40th St
New York, NY 10016